**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> HEMATITE HOLDINGS INC., <br><br>     Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 20-12387 (__) |
| In re: <br><br> HEMATITE INDUSTRIAL PRODUCTS INC., <br><br>     Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 20-12388 (__) |
| In re: <br><br> HEMATITE MANUFACTURING INC., <br><br>     Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 20-12389 (__) |
| In re: <br><br> CANADIAN PAVACO INC., <br><br>     Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 20-12390 (__) |
| In re: <br><br> PAVACO HOLDINGS U.S. INC., <br><br>     Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 20-12386 (__) |
| In re: <br><br> HEMATITE, INC., <br><br>     Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 20-12391 (__) |

| | |
|---|---|
| In re:<br><br>HEMATITE AUTOMOTIVE PRODUCTS INC.,<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 20-12392 (__) |

**MOTION OF FOREIGN REPRESENTATIVE FOR ENTRY OF AN ORDER
AUTHORIZING AND DIRECTING JOINT ADMINISTRATION OF
<u>CHAPTER 15 CASES FOR PROCEDURAL PURPOSES ONLY</u>**

Hematite Holdings Inc., in its capacity as the Canadian Court-appointed and authorized foreign representative (the "<u>Foreign Representative</u>") for the above-captioned debtors (collectively, the "<u>Debtors</u>") which are the subjects of a reorganization proceeding (the "<u>CCAA Proceeding</u>") commenced before the Ontario Superior Court Of Justice (Commercial List) in Canada (the "<u>Canadian Court</u>") under Canada's *Companies' Creditors Arrangement Act* (the "<u>CCAA</u>"), by and through its undersigned counsel, files this motion (the "<u>Motion</u>") for the entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, authorizing and directing the joint administration of the above-captioned chapter 15 cases (the "<u>Chapter 15 Cases</u>") for procedural purposes only pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  In support of the Motion, the Debtors rely on the *Declaration of Jacques Nadeau in Support of the Debtors' Chapter 15 Petitions and First Day Pleadings in Foreign Proceeding* (the "<u>Nadeau Declaration</u>") filed concurrently herewith and incorporated herein by reference.  In further support of the Motion, the Foreign Representative respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

2. The Foreign Representative, in its capacity as authorized foreign representative, consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410.

4. The statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code. Relief is also warranted pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

**PROCEDURAL AND FACTUAL BACKGROUND**

5. On the date hereof (the "Petition Date"), each of the Debtors filed their respective Official Form 401 voluntary petitions for relief under chapter 15 of the Bankruptcy Code, a *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, (III) Recognition of Initial Order and Amended Initial Order, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Petitions for Recognition") and the *Motion of Hematite Holdings Inc., as Foreign Representative, For an Order Granting Certain Provisional Relief*, pursuant to section 1515 of the Bankruptcy Code seeking, among other things, (i) entry of an Order recognizing the CCAA Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code and (ii) relief under sections 1520 and 1521 of the Bankruptcy Code.

6. The detailed factual background relating to the Debtors and the commencement of the Petitions for Recognition is set forth in the Nadeau Declaration.

## RELIEF REQUESTED

7. By this Motion, the Foreign Representative seeks entry of an order authorizing and directing joint administration of these Chapter 15 Cases for procedural purposes only. Specifically, the Foreign Representative requests that the Court maintain one file and one docket for all of these Chapter 15 Cases under the case of Hematite Holdings Inc., Case No. 20-12387, and that these Chapter 15 Cases be administered under the caption as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>HEMATITE HOLDINGS INC., *et al.*,[1]<br><br>   Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 20-12387 (__)<br><br>Jointly Administered |

[1] The U.S. Debtors in these chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers are as follows: Pavaco Holdings U.S. Inc. (5569); Hematite, Inc. (3799); and Hematite Automotive Products Inc. (5382). The Canadian Debtors in these chapter 15 cases and the last four digits of their unique identifier are as follows: Hematite Holdings Inc. (8581); Hematite Manufacturing Inc. (4900); Hematite Industrial Products Inc. (7706); and Canadian Pavaco Inc. (5315). The U.S. Debtors and the Canadian Debtors are referred to herein, collectively, as the "Debtors." The Debtors' principal offices are located at 659 Speedvale Avenue West, Guelph, Ontario, N1K 1E6, Canada.

8. The Foreign Representative further requests that the Court order that the foregoing caption shall satisfy the requirements set forth in the Bankruptcy Code and the Bankruptcy Rules, including but not limited to sections 342(a) and (c)(1) of the Bankruptcy Code.

9. The Foreign Representative also requests that an entry be made on the docket of the remaining Debtors to reflect the joint administration of these Chapter 15 Cases that is substantially similar to the following:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of this chapter 15 case with the chapter 15 case of Hematite Holdings Inc., Case No. 20-12387. All further pleadings and other papers filed in this case shall be filed in, and all further docket entries shall be made in, the docket of Hematite Holdings Inc., Case No. 20-12387.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. *See* 11 U.S.C. § 101(2). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

12. Further, Local Bankruptcy Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 15 Cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

13. Joint administration is generally non-controversial, and courts in this District routinely order joint administration in multiple related chapter 15 cases. *See, e.g., In re Groupe Dynamite Inc.*, No. 20-12085 (CSS) (Bankr. D. Del. Sept. 9, 2020); *In re JustFly Corp.,* No. 20-11204 (JTD) (Bankr. D. Del. May 22, 2020); *In re The Aldo Group Inc.*, No. 20-11060 (KBO) (Bankr. D. Del. May 8, 2020); *In re Spectra Premium Industries Inc.*, No. 20-10611 (BLS) (Bankr. D. Del. March 12, 2020); *In re Motorcycle Tires & Accessories LLC,* No. 19-12706 (KBO) (Bankr. D. Del. Dec. 20, 2019).

14. The seven (7) debtor entities in these Chapter 15 Cases are "affiliates" as that term is defined in Bankruptcy Code section 101(2). Given the integrated nature of the Debtors' operations, joint administration of these Chapter 15 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in these Chapter 15 Cases will affect each of the Debtors. The entry of an order directing joint administration of these Chapter 15 Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Court, the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these Chapter 15 Cases with greater ease and efficiency.

15. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the Chapter 15 Cases. Parties in interest will not be harmed by the relief requested, but, instead, will benefit from the cost reductions associated with the joint administration of these Chapter 15 Cases. Accordingly, the Foreign Representative submits that the joint administration of these Chapter 15 Cases is in the best interests of the Debtors, their creditors, and all other parties in interest.

WHEREFORE, for the reasons set forth herein, the Foreign Representative respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: September 22, 2020  
       Wilmington, Delaware

WOMBLE BOND DICKINSON (US) LLP

*/s/ Todd A. Atkinson*  
Matthew P. Ward (Del. Bar No. 4471)  
Morgan L. Patterson (Del. Bar No. 5388)  
Todd A. Atkinson (Del. Bar No. 4825)  
1313 N. Market Street, Suite 1200  
Wilmington, Delaware 19801  
Telephone: (302) 252-4320  
Facsimile: (302) 252-4330  
Email: matthew.ward@wbd-us.com  
       morgan.patterson@wbd-us.com  
       todd.atkinson@wbd-us.com

*Counsel for Hematite Holdings Inc.,*  
*in its capacity as Foreign Representative*